### Boldt v. Boldt.

(Decided March 2, 1934.)

BECKHAM OVERSTREET for appellant.
FRANK A. GARLOVE for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—
Affirming.

Appellant and appellee were married on March 2, 1924. On March 21, 1933, she brought this suit against him, praying divorce and alimony, alleging that, without any fault on her part, he had habitually behaved toward her, for not less than six months, in such a cruel and inhuman manner as indicated a settled aversion to her and such as destroyed permanently her peace and happiness. The allegations of the petition were denied by answer. A large amount of proof was taken, and on final hearing the circuit court entered a judgment dismissing the petition, the husband to pay the cost and $300 to the wife's attorney. She appeals.

It would serve no useful purpose to set out all the facts shown by the proof in this unfortunate controversy. It is the well-settled rule of this court not to disturb the chancellor's finding on conflicting evidence where, on the whole case, the mind is left in doubt as to the truth. A large mass of evidence was taken. The parties lived very happily together until 1929. Then financial difficulties came on the husband, and the wife went to work. Their marital relations continued until 1930. Since 1930 she has been working in New York on a salary and he has been working in Louisville. According to his proof he has always loved his wife and still loves her and has been making every effort to get her to return and live with him. According to her evidence, he has been cold and indifferent and contributed nothing to her support while in New York. He says that he did this in an effort to get her to come home. He wrote to her twice a week and sent her a special delivery letter every Sunday. He also sent her small presents from time to time.

The proof utterly fails to show that the husband has acted in such cruel and inhuman manner as indicates a settled aversion to his wife or to destroy permanently her peace and happiness. The trouble between the parties seems to have grown out of a misunderstanding between them, especially on the part of the wife who thought that her husband was unduly intimate with another young woman, and this, under the proof, was clearly unfounded.

On the whole case there seems to the court no reason why this broken home should not be restored, if each of the parties will meet the other in a proper spirit. The husband is now making a good salary and has recently inherited some property.

Appellant has always resided in Louisville. She was only in New York while working there for a living and spent all her vacations in Louisville. She did not lose her residence in Louisville by such temporary absence as is shown here.

Judgment affirmed.